# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| DANIEL GIJON-LOPEZ, | : | HABEAS CORPUS |
| GDC ID 1284442, | : | 28 U.S.C. § 2254 |
|     Petitioner, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:16-CV-4640-TWT-CMS |
| FREDERICK J. HEAD, Warden, | : | |
|     Respondent. | : | |

## **FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on state inmate Daniel Gijon-Lopez's *pro se* Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 and Affidavit in Support of Request to Proceed *In Forma Pauperis* ("IFP"). *See* [1] & [2].

On June 21, 2008, Gijon-Lopez pleaded guilty in the Superior Court of Gwinnett County to two counts of armed robbery. *See* [1] at 1 & 6. Gijon-Lopez did not file post-judgment motions or a direct appeal, *see id.* at 2, and his time to do so expired 30 days later, *see* O.C.G.A. § 5-6-38(a). Gijon-Lopez filed a state habeas corpus petition on July 5, 2011. *See* [1] at 2. Gijon-Lopez's state habeas petition was denied in January 2016, *see id.* at 6-18, and the Georgia Supreme Court denied Gijon-Lopez's application for a certificate of probable cause to appeal in October 2016, *see id.* at 4.

A one-year limitation period applies to the filing of federal habeas petitions, running from the latest to occur of four specified events. *See* 28 U.S.C. § 2244(d)(1). In this case, as in most, the relevant event is the date on which judgment became "final." *See id.* at (d)(1)(A). Here, that occurred in July 2008, when Gijon-Lopez's time to file a direct appeal expired.

Federal law further provides that the one-year limitation period is statutorily tolled only while a "properly-filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," 28 U.S.C. § 2244(d)(2). The United States Court of Appeals for the Eleventh Circuit has explained that "once a deadline has expired, there is nothing left to toll" and that "[a] state court filing after the federal habeas filing deadline does not revive it." *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004).

Here, the one-year federal limitation period began to run in July 2008 and expired, untolled, in July 2009. Gijon-Lopez's July 2011 filing of a state habeas petition did not "revive" the federal limitation period, and his federal Petition in this case is therefore untimely.

The Rules Governing Section 2254 Cases in the United States District Courts provide that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge *must dismiss* the petition and direct the clerk to notify the petitioner."  28 U.S.C. foll. § 2254, Rule 4 (emphasis added).  Therefore, I **RECOMMEND** that Gijon-Lopez's Petition be **DISMISSED**.

I further **RECOMMEND** that a Certificate of Appealability be **DENIED** because Gijon-Lopez does not meet the requisite standard.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (requiring a two-part showing (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," *and* (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling"); *see also Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc) (holding that the *Slack v. McDaniel* standard will be strictly applied prospectively).

Solely for the purpose of dismissal, I **GRANT** Gijon-Lopez permission to proceed IFP.

I **DIRECT** the Clerk to terminate the referral of this case to me.

**SO RECOMMENDED, ORDERED, AND DIRECTED**, this 12th day of April, 2017.

*Catherine Salinas*
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE